UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-0492 DOC					Date: July 26, 2012
Criminal Case No.  SACR 08-216 DOC

Title: WILFREDO TIONGCO NGO AND MARIA TERESA LAMAYO NGO v.
	UNITED STATES OF AMERICA

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present						None Present

**PROCEEDINGS: (IN CHAMBERS):   ORDER DENYING PETITIONERS'
                                MOTION TO VACATE**

Before the Court is Petitioners Wilfredo Ngo and Maria Ngo's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (the "Motion") (Dkt. 1). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.	Background**

On May 20, 2009, Petitioners Maria and Wilfredo Ngo ("Petitioners") pled guilty, pursuant to plea agreements, to knowingly encouraging or inducing an alien to come to, enter, or reside in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) (the "Charge"). Plea Hr'gs, No. 08-216-DOC (Dkt. 61-62).

Prior to entering guilty pleas, Petitioners consulted their respective defense counsel, as well as separate immigration counsel, to determine the effect of a conviction on Petitioners' immigration status. Reply (Dkt. 8) at 2. Petitioners' immigration counsel sent a letter to at least one of Petitioners' counsel advising that conviction of the Charge would constitute an "aggravated felony resulting in [Petitioners'] lifetime ban from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-492 DOC                                         Date: July 26, 2012
       SACR 08-216 DOC                                              Page 2

United States under current immigration law." *Id*. at 3. Petitioners contend, however, that their defense counsel never conveyed this information to Petitioners, citing the lack of "that letter, or any research memoranda, cases or notes concerning immigration consequences at all" in the files of Petitioners' defense counsel. *Id*. Consequently, Petitioners allege they pled guilty without adequate knowledge of the potential effects such a plea would have on their immigration status. *Id*.

     On March 30, 2011, Petitioners filed the instant motion pursuant to 28 U.S.C. § 2255. Mot. (Dkt. 1). Petitioners claim their plea should be vacated on the grounds that they received ineffective assistance of counsel in violation of their Sixth Amendment rights. Reply (Dkt. 8) at 1. Specifically, "[Petitioners's] claim for relief is predicated on the failure of the respective counsel to accurately advise them as to the immigration consequences of pleading guilty to [violating 8 U.S.C. § 1324(a)(1)(A)(iv)]." *Id*.

     In an order issued August 11, 2011, the Court found that Petitioners' Motion was timely-filed and also found a limited waiver of attorney-client privilege. In the Government's second opposition, it argues that Petitioners' assertion that they were never adequately advised of the immigration consequences is false, and, even if it were true, that the Supreme Court's recent holding in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), does not apply to Petitioners' claims retroactively. *See* Opp'n (Dkt. 19).

## II.    Legal Standard

     A motion to vacate, set aside, or correct sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). If the motion combined with the files and records of the case conclusively show that the prisoner is not entitled to relief, no evidentiary hearing on the issues is warranted. *See id.*

     The standard of review of § 2255 petitions is "stringent" and the court "presumes earlier proceedings were correct." *United States v. Nelson*, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001) (citation omitted). In a successful § 2255 motion, the "defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). It is important to note that "relief is not available merely because of error that may have justified reversal on direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-492 DOC  Date: July 26, 2012
        SACR 08-216 DOC  Page 3

---

appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

     The standard for evaluating a Sixth Amendment ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel's performance is constitutionally deficient when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. A defendant claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case: (1) "his counsel's performance was so deficient that it fell below an objective standard of reasonableness," and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hensley v. Crist*, 67 F.3d 181, 184-85 (9th Cir. 1995) (citations omitted). An after-the-fact examination of counsel's performance "is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.3d 1251, 1253 (9th Cir. 1987).

## III.   Discussion

     Petitioners' argument that they received ineffective assistance of counsel because they were not warned of the immigration consequences of pleading guilty is unavailing. Their claims are based on the single allegation that nothing concerning the potential immigration consequences in Petitioners' case was found in the files turned over to Petitioners by their respective defense counsel. Reply (Dkt. 8) at 3. In light of the evidence presented by the Government in their second opposition brief, the Court finds that Petitioners' evidence does not sufficiently establish a claim of ineffective assistance of counsel and that consequently, Petitioners are not entitled to relief under 28 U.S.C. § 2255. Because the Court finds Petitioners were adequately advised of the immigration consequences of entering guilty pleas, the Court need not reach the issue of whether the Supreme Court's recent decision in *Padilla v. Kentucky*, 130 S.Ct. 1473, applies retroactively.[1]

---

[1] In *Padilla v. Kentucky*, the Supreme Court ruled that failing to advise a defendant of the adverse immigration consequences of entering a guilty plea constituted a violation of the Sixth Amendment's guarantee of effective-assistance-of-counsel. 130 S.Ct. 1473, 1478-1487. Circuit courts have split on whether the Supreme Court's decision applies retroactively. *Compare United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011) (holding "that *Padilla* is retroactively applicable on collateral review") *with Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2001) (holding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-492 DOC                              Date: July 26, 2012
        SACR 08-216 DOC                              Page 4

---

     The Government has submitted declarations from each of Petitioners' defense counsel in which both attorneys clearly state that they had many conversations with both Petitioners regarding the immigration consequences of a guilty plea in this case. Petitioner Wilfredo Ngo was told by his defense counsel, Mr. Mark Frederick, that he was charged with "aggravated felonies" and that if he pled guilty "he would be deported." *Id*. at ¶¶ 9, 11. Petitioner Wilfredo Ngo indicated that "although he did not want to leave the United States, he thought pleading guilty was the best alternative." *Id.* at ¶ 16. Petitioner Maria Ngo was "informed several times" by her defense counsel, Mr. Van Hoy, "that if she pled guilty she would be deported." Opp'n Ex. 4, Robert Van Hoy's Resp. Interrog., (Dkt. 19) at ¶ 13. Furthermore, Petitioner Maria Ngo "stated that she did not want to go back to the Philippines and she felt it was unfair to be forced to do so by deportation in this case." *Id.* at ¶¶ 4(B), 14.

     This evidence overwhelmingly suggests that Petitioners were adequately warned of the immigration consequences of a guilty plea and purposefully decided to enter guilty pleas in spite of these known consequences. *See United States v. Bowen*, 441 Fed. Appx. 48, 49 (2d Cir. 2011) (affirming district court's finding, based on trial counsel's affidavit, that defendant had been properly advised of the immigration consequences despite defendant's *Padilla* claim). Petitioners provide no legal arguments or facts to contest the evidence presented by the Government. *See* Reply (Dkt. 20). Petitioners' assertion that defense counsel's files did not include information pertaining to the immigration consequences is not sufficient to establish that they were not properly advised of those consequences.

     Because Petitioners were adequately warned of the immigration consequences of their guilty pleas, the Court finds that Petitioners did not receive ineffective assistance of counsel and therefore DENIES the Motion to Vacate.

     Petitioners have not asserted any plausible way they would be entitled to relief and therefore the Court will not grant an evidentiary hearing. *United States v. McMullen*, 98

---

"that *Padilla* announced a new rule" inapplicable on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989)). The Supreme Court has granted *certiori* to clarify this precise issue. *Chaidez v. U.S.*, 132 S.Ct. 2101 (2012).

Despite extensive briefing by both parties on this issue, the Court need not reach a decision on this issue. Because the Court finds that Petitioners received adequate advice regarding the immigration consequences, Petitioners would not state a claim for ineffective assistance of counsel regardless of whether *Padilla* applies retroactively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-492 DOC			Date: July 26, 2012
      SACR 08-216 DOC			Page 5

---

F.3d 1155, 1158 (9th Cir. 1996) ("To earn the right to a hearing, [a defendant is] required to allege specific facts, which, if true, would entitle him to relief."). Furthermore, the Court declines to issue a certificate of appealability because Petitioners have not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(2)-(c)(3).

## IV.   Disposition

      For the reasons listed above the Court DENIES Defendants' Motion to Dismiss WITH PREJUDICE. Additionally, the Court DENIES the request to issue a Certificate of Appealability.


MINUTES FORM 11
CIVIL-GEN                                                                            Initials of Deputy Clerk: jcb